Dear Mr. Longman:
You advise this office that you are presently employed as an investigator and trial assistant for the District Attorney's Office, Twenty-Sixth Judicial District, Parish of Plaquemines. You ask whether the law allows you to seek the elective office of justice of the peace, as a vacancy has recently occurred in Ward Six of Plaquemines Parish.
Under the Louisiana Dual Officeholding and Dual Employment Law, LSA-R.S. 42:61, et seq., the office of justice of the peace is a local elective office. Further, the office of the district attorney and the justice of the peace court are separate local political subdivisions. LSA-R.S.42:62(9). An elected officer of a political subdivision may simultaneously hold full-time or part-time employment with another local political subdivision. LSA-R.S. 42:63(D).
LSA-R.S. 42:64(A)(4) concerning the incompatibility of certain offices provides:
 A. In addition to the prohibitions otherwise provided in this Part, no other offices, or employments shall be held by the same person in combination if any of the following conditions are found to pertain and these prohibitions shall exist whether or not the person affected by the prohibition exercises power in conjunction with other officers:
* * * * *
 (4) The incumbent of one office, whether or not in conjunction with fellow officers, or employment is required by law to execute orders and follow directions given by the incumbent of the other office or employment.
Note that a justice of the peace, while having no authority to try anyone for any crime whether felony or misdemeanor, has jurisdiction as a magistrate to conduct a preliminary examination of persons accused, with authority to bail or discharge, in all cases not capital or necessarily punishable at hard labor. See LSA-C.Cr.P. Art. 291(3) and Art. 333(5).
We do not find the incompatibility provision of LSA-R.S.42:64(A)(4) to be applicable, as an investigator of the office of the district attorney is not "required by law to execute orders and follow directions given by" a justice of the peace. The question of recusal may be relevant, should you in your capacity as investigator be required to give testimony at a preliminary hearing conducted within the court of justice of the peace.
It is the opinion of this office that you may run for the office of justice of the peace and continue to hold your employment as trial assistant and investigator for the district attorney's office.
However, note that the office of justice of the peace is considered to be within the purview of the Code of Judicial Conduct administered by the Judiciary Commission of the Louisiana Supreme Court. You should direct your inquiry on this point to Mr. Hugh Collins, Judicial Administrator, 301 Loyola Avenue, Room 109, New Orleans, Louisiana, 70112.
Finally, the law exempts all notaries public from the application of the prohibitory restrictions of the Dual Officeholding and Dual Employment Law. LSA-R.S. 42:66(1).
Should you have any further questions concerning this matter, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL